# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER DANIELS & KIMBERLY DANIELS, *husband and wife*, | |
| Plaintiffs, | NO. 3:06-CV-00324 |
| v. | (JUDGE CAPUTO) |
| FERNWOOD CORPORATION, *t/d/b/a/* FERNWOOD HOTEL AND RESORT, | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Defendant's Motion for Summary Judgment (Doc. 11) pursuant to Federal Rule of Civil Procedure 56(c). For the reasons set forth below, Plaintiffs shall be given until March 20, 2007 to file and serve a response to this pending motion. Failure of Plaintiffs to timely respond will be deemed a failure to prosecute and comply with a court order pursuant to FED.R.CIV.P. 41(b), and will result in Defendant's summary judgment motion being granted without a merits analysis.

The Court has jurisdiction over this action due to diversity of citizenship, pursuant to 28 U.S.C. § 1332.

## BACKGROUND

On February 13, 2006, Plaintiff Walter Daniels filed a Complaint (Doc. 1) with this Court, claiming personal injuries sustained as a result of the alleged negligent operation, maintenance, and design of a snow-tubing slope at Defendant Fernwood Hotel and Resort, and various resulting damages. The Complaint also brings a cause of action for

loss of consortium on behalf of Plaintiff Kimberly Daniels.  On March 13, 2006, Defendant filed an Answer (Doc. 4), and on May 8, 2006, Plaintiffs filed a Reply (Doc. 6) thereto.  On June 15, 2006, Defendant filed the present motion for summary judgment (Doc. 11), and supporting documentation (Docs. 12, 13).  Although the relevant time period has passed, Plaintiffs have not filed an opposing brief or otherwise responded to Defendant's motion for summary judgment.

**DISCUSSION**

Local Rule 7.6 provides that documents opposing any pre-trial motion, including an opposing brief, are to be filed within fifteen (15) days after service of the movant's brief.  Local Rule 7.6 warns that "[a]ny respondent who fails to comply with this Rule shall be deemed not to oppose such motion."  Defendant served Plaintiffs with their motion for summary judgment on June 15, 2006.  (Doc. 11 p. 4.)  More than eight months have passed, however, without a response thereto having been filed by Plaintiffs.

Generally, a dispositive motion may not be granted merely because it is unopposed.  Because Local Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure," *Anchorage Assoc. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 174 (3d Cir. 1990), the disposition of an unopposed motion ordinarily requires a merits analysis.  The Third Circuit Court of Appeals has stated, however, that Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency "if a party fails to comply with the rule after a specific direction to comply from the court."  *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (1991).

Failure to prosecute an action may warrant dismissal under Federal Rule of Civil Procedure 41(b), which in pertinent part, provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication on the merits.

The granting of an unopposed summary judgment motion is within the discretion of the court.

When a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice, under Rule 41(b).  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *Stackhouse*, 951 F.2d at 30 (holding that failure of a plaintiff to comply with a court's specific direction to comply with a local rule requiring the filing of an opposing brief warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis).

Plaintiffs' failure to either file a brief in opposition to the Defendant's motion for summary judgment or otherwise communicate with the Court indicates that they have lost interest in prosecuting this lawsuit.  Consequently, Plaintiff will be granted a final opportunity until March 20, 2007 in which to file and serve a response to the Defendant's pending summary judgment motion.  Failure of Plaintiffs to timely respond to this Order will be deemed a failure to prosecute and comply with a court order pursuant to FED.R.CIV.P. 41(b) and will result in Defendant's summary judgment motion being granted without a merits analysis.  *See Link*, 370 U.S. at 629.

## CONCLUSION

An appropriate Order follows.

Date: February  27 , 2007                                /s/ A. Richard Caputo
                                                                     A. Richard Caputo
                                                                     United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WALTER DANIELS & KIMBERLY DANIELS, *husband and wife*, <br><br>　　Plaintiffs, <br><br>　　　　v. <br><br>FERNWOOD CORPORATION, *t/d/b/a/* FERNWOOD HOTEL AND RESORT, <br><br>　　Defendant. | NO. 3:06-CV-00324 <br><br> (JUDGE CAPUTO) |

## <u>ORDER</u>

**NOW**, this 27th day of February, 2007, **IT IS HEREBY ORDERED** that:

(1)　Plaintiffs shall file and serve a response to the Defendant's Motion for Summary Judgment on or before March 20, 2007.

(2)　Failure to comply with this Order shall be deemed a failure to prosecute and comply with a court order, and will result in the unopposed Motion for Summary Judgment being granted without a merits analysis.

　　　　　　　　　　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　United States District Judge