**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WALTER DANIELS & KIMBERLY DANIELS, *husband and wife*,<br><br>Plaintiffs,<br><br>v.<br><br>FERNWOOD CORPORATION, *t/d/b/a/* FERNWOOD HOTEL AND RESORT,<br><br>Defendant. | NO. 3:06-CV-00324<br><br>(JUDGE CAPUTO) |

**MEMORANDUM**

Presently before the Court is Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). (Doc. 11.) For the reasons set forth below, Defendant's motion will be granted.

The Court has jurisdiction over this action pursuant to Title 28 of the United States Code, section 1332 ("diversity of citizenship"). Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).

**BACKGROUND**

On the morning of February 14, 2004, Plaintiff Walter Daniels was visiting the Fernwood Hotel and Resort ("Fernwood") for the purposes of engaging in the activity of snowtubing. (Compl. ¶ 3; Doc. 1.) Plaintiff made several runs down the hill without incident. (*Id.* ¶ 4.) During Plaintiff's preparation to make a fifth run down the hill, Mr.

Daniels alleges that Defendant's employee informed him that lanes one and two could not be used because an earlier guest had almost gone over the wall at the bottom of the run. (*Id.* ¶ 5.) Defendant's employee then allegedly instructed Plaintiff to go down lane three of the hill, and in compliance with these instructions, Plaintiff sat down on the tube, secured himself, and proceeded down the run. About two-thirds of the way down the hill, Mr. Daniels encountered a right turn in the run that he alleges "was so negligently maintained, designed, or allowed to exist that it permitted him to be thrown from the run[,] causing him to become airborne for approximately thirty (30 feet[,] separating him from the tube and resulting in an impact upon his shoulders and back, [which] caus[ed] him serious, permanent and disabling injuries....". (*Id*. ¶ 6.)

On February 13, 2006, Plaintiff Walter Daniels filed a complaint with this Court, claiming personal injuries sustained as a result of the alleged negligent operation, maintenance, and design of a snow-tubing slope at Defendant's premises. (Doc. 1.) The Complaint also brings a cause of action for loss of consortium on behalf of Plaintiff Kimberly Daniels. On March 13, 2006, Defendant filed an answer (Doc. 4), and on May 8, 2006, Plaintiffs filed a reply (Doc. 6) thereto. On June 15, 2006, Defendant filed the present motion for summary judgment (Doc. 11), along with supporting documentation (Docs. 12, 13). On March 20, 2007, Plaintiffs filed a brief in opposition to the present motion (Doc. 17), and on April 6, 2007, Defendant filed a reply brief in support of their motion for summary judgment (Doc. 18).

This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *See id.* at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir.

1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *See Liberty Lobby*, 477 U.S. at 256-57.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249.

**DISCUSSION**

Prior to snowtubing on February 15, 2004, Mr. Daniels signed a form entitled "Release of Liability for Snowtubing" ("the Release"). (Doc. 11-2.) Fernwood claims that it is entitled to a grant of summary judgment in its favor because Plaintiffs' negligence claim is barred by the Release signed by Mr. Daniels prior to snowtubing. For the reasons stated below, the Court agrees with Fernwood that they are entitled to judgment as a matter of law, and will therefore grant its summary judgment motion.

In their brief in opposition to the present motion, Plaintiffs cite the case of *Mandell v. Ski Shawnee, Inc.*, No. 05-CV-1503, 2007 WL 121847 (M.D. Pa. Jan. 11, 2007), in which Judge James M. Munley held that where the drafter of a release form included specific types of activities and conduct on the form, and not others, those which were excluded did not fall within the scope of the release. In *Mandell*, the injured snow-tuber

claimed that his accident was caused by reason of a non-fixed object–a movable rubber mat at the end of the snow-tubing run–with which he came in contact. Mandell argued, *inter alia*, that the release did not cover the defendants' placement of hazards and obstacles that were not a fixed portion of the snowtubing track. In agreeing with plaintiff's argument, Judge Munley cited the express language of the release in question, which warned of "collisions with *fixed* objects, obstacles or structures located within or outside of the snowtubing facility." *Id*. at *4 (citation omitted) (emphasis added). Citing the law in Pennsylvania that an exculpatory contract must state the intention of the parties with the greatest particularity, and must be strictly construed, Judge Munley held that the language of the release in question was, "at best, ambiguous as to whether it applies to non-fixed objects. As such it will be construed against the party seeking immunity, that is, the defendant." *Id*. at 4 (citing *Topp Copy Prods., Inc. v. Singletary*, 626 A.2d 98, 99 (Pa. 1993)).

In contrast, no such ambiguity exists in the instant matter as to whether the exculpatory language of the Release covers the negligence alleged by the Daniels. Instructively, in *Mavreshko ex rel. Mavreshko v. Resorts USA, Inc.*, No. 04-457, 2005 WL 1309060 (M.D. Pa. May 31, 2005), Judge Munley held that the language of the identical Release form at issue in the present case was broad enough to cover the claims of negligence asserted by the parties in that case. The negligence claim in *Mavreshko* contained, *inter alia*, allegations of negligent placement, design, and maintenance of the snowtubing tracks. *Id*. at *1. Similarly, such allegations are the crux of Mr. Daniels' negligence claim in the instant matter. The Complaint reads, at paragraph 7, "[t]he

Defendant's negligence in operating, designing and maintaining the [ ] snowtube run consists of the following . . .", and then goes on to list eight reasons why Defendant's alleged failures to properly design, maintain, inspect, and operate the snowtubing runs make Defendant liable for Plaintiffs' injuries.

Disagreeing with the plaintiffs' argument in *Mavreshko*, Judge Munley held that the terms of the Release applied to them despite that the injury claims contained in their complaint were not specifically excluded by the Release. The Mavreshkos cited only the exculpatory language of the Release that discussed snowtubing equipment provided by the operator, and argued that the document applied only to liability with regard to the provided equipment, but not to all types of liability. Judge Munley disagreed, writing:

> Although we must construe the contract strictly, we must also use common sense in interpreting this agreement. In addition, we must examine the whole release, not merely the portions highlighted by the plaintiffs. The plaintiffs do not discuss sections of the release that are broad in scope and that do not discuss equipment. For example the document is entitled: "Release of Liability for Snowtubing." It provides: "I understand and am aware that snowtubing is a HAZARDOUS ACTIVITY. I understand that snowtubing and the use of snowtubes involves a risk of injury to any and all parts of my body. I hereby freely and expressly assume and accept responsibility for any and all risks of injury or death while participating in this activity." The [R]elease proceeds to state: "I, the undersigned, acknowledge that I have read this agreement and release of liability and I understand its contents. I understand that my signature below expressly waives any rights I may have to sue Operator for injuries and damages."

*Id*. at 4 (citations omitted).

By this reasoning, Judge Munley held that the Release was broad enough to cover the negligence asserted by the Mavreshkos in their complaint, and that the Mavreshkos' signatures served as an assent to the language of the Release which exculpated defendant from potential liability for any injuries incurred by snowtubing participants. This

Court finds likewise with respect to the Daniels' negligence claim in the instant action. Accordingly, Defendant's motion for summary judgment will be granted.

## CONCLUSION

An appropriate Order follows.

May 16 , 2007

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WALTER DANIELS & KIMBERLY DANIELS, *husband and wife*,<br><br>Plaintiffs,<br><br>v.<br><br>FERNWOOD CORPORATION, *t/d/b/a/* FERNWOOD HOTEL AND RESORT,<br><br>Defendant. | NO. 3:06-CV-00324<br><br>(JUDGE CAPUTO) |

**ORDER**

**NOW**, this 16th day of May, 2007, **IT IS HEREBY ORDERED** that:

(1) Defendant's motion for summary judgment (Doc. 11) is **GRANTED**.

(2) The Clerk of Court shall mark this matter as **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge